PER CURIAM.
The appellee-plaintiff sought to enjoin and restrain the appellant-defendant, Dade County, from enforcing a certain Ordinance No. 62-6, § 1, (Sec. 30-3.1, Metropolitan *38 Code.[1]); giving the Board of County Commissioners the exclusive power to determine which traffic violations shall require mandatory court appearances. The -.plaintiff further, sought to ' prevent the defendant from enforcing a certain resolution No. 7766, §§ 1-3, (Sec. 30-3.2, Metropolitan Code), enumerating which violations are exempted from mandatory court appearances.
Basically, the appellee contended that the ordinance and resolution in question constituted ■ a usurpation of the judicial .power .of the Metropolitan Court of Dade County, conferred upon it by Article 6, Sec. 6.02(C) and (G) of the Home Rule Charter.[2]
The chancellor issued a temporary injunction, enjoining and restraining the enforcement of said Ordinance and Resolution.[3] Upon final hearing, a final decree was entered in favor of the appellee, granting a permanent injunction. The relevant portion of the final decree is as follows:
“ *' * * From the record before the Court it was apparent to the court that the controversy between the parties was as to which one of the Governmental entities had the power, authority, or jurisdiction, to require or not require mandatory appearance of violators .of traffic ordinances in Dade County, Florida, before the Metropolitan Court. The Plaintiff contended that the Metropolitan Court of Dade County had this power and the Defendant contended that the Board of County Commissioners of Dade County had this power.
“The Court finds that under the Charter of Metropolitan Dade County, exclusive power has been conferred upon the Metropolitan Court of Dade County to adopt rules of procedure *39 governing the Court, and to provide by such rules the manner in which arrests, complaints, prosecutions, and convictions shall be instituted and processed. This said exclusive power, so granted, includes therein the power to require or not require by rule any person charged with a traffic offense to appear in Court in person to answer such charge. The court finds that said Metropolitan Court exercised said' power by the passage 'of Rule 16[4] as quoted in the answer of Defendant. It is, therefore,
“ORDERED, ADJUDGED AND DECREED as follows:
“1. That the Temporary Injunction heretofore entered in this cause, be, and the same is hereby made permanent.”
The appellant, Dade County, appeals from this adverse final decree. It is the appellant’s contention:
(1) that the adoption of the Dade County Home Rule Amendment to the Florida Constitution (Article VIII, Section 11) F.S.A., withdrew from the State Legislature a portion of its legislative powers and authorized the electors of Dade County, by adoption of a Home Rule Charter, to empower the Board of County Commissioners to pass local legislation relating to the affairs, property and government of Dade County and to provide suitable penalties for the violations of such local laws, subject only to the limitation that such local legislation may not conflict with the provisions of the Constitution, the Charter or general laws,
' (2) that pursuant to the Home' Rule-' Amendment, Section 1.01 (A) (22) of theHome Rule Charter for Metropolitan Dade> County was adopted by the electors grant-: ing the Board of County Commissioners-the power to “Adopt such ordinances and-resolutions as may be required in- the exercise of its powers and prescribe fines, and penalties for the violations of ordinances”,
(3) tha't in the exercise of its legislative: power, the Board o'f County Commissioners, enacted Ordinance No. 62-6 (declaring that.the Board is vested with exclusive power' and authority to determine which traffic offenses shall require mandatory court appearances) and implemented said ordinance-by adopting Resolution No. 7766 (enumerating the specific traffic offenses which shall be exempt from mandatory court appear-' anees),
(4) that the determination of those offenses for which court appearances are required is a legislative function, rather than a judicial function, and the ordinance and resolution in question constitute a valid exercise of the legislative authority of the Board.
As we view it, the question before us is simply whether the Home Rule Charter of Metropolitan Dade County gives to the Board of County Commissioners or to the Metropolitan Court the power to determine which traffic offenses shall require court appearances. This question is one of interpretation. Is a mandatory court appearance a penalty (therefore covered by Sec. 1.01(A) (22) of the Charter, giving the Board the power to prescribe penal *40 ties for the violation of its ordinances) or is it a procedural step in the enforcement of an ordinance (therefore subject to Sec. 6.02(C) and (G) of the Charter, giving the Metropolitan Court the power to adopt rules of procedure governing the processing of arrests, complaints, prosecutions, and convictions) ?
We cannot view the requirement of a court appearance as being penal in nature. Its underlying purpose is procedural, i. e., to bring the alleged violator before the court so that the merits of his case can be adjudged.
We, therefore, conclude that the chancellor was correct in holding that there was included within the power of the Metropolitan Court to adopt rules of procedure governing the processing of arrests, complaints, prosecutions and convictions, the exclusive power to adopt rules of procedure defining those offenses for which a court appearance is required. Only the electors, who adopted this provision of the Home Rule Charter, can modify, alter or amend it.
Accordingly, the final decree appealed is affirmed.
Affirmed.

. Sec. 30-3.1. Mandatory court appearances — Authority of board of county commissioners; duty of police.
“The Board of county commissioners shall have the exclusive power and authority to determine which violations of this chapter shall require mandatory court appearances. The exercise of such power shall be accomplished by the adoption of resolutions by the board from time to time. Such determination shall be made upon the basis of the public interest, welfare and safety, and traffic safety. The board shall consider recommendations submitted by the judges of the metropolitan court and other agencies or organizations interested in traffic safety. It shall be the duty of all police officers to comply with the provisions of all resolutions adopted by the board pursuant to this section, and such resolutions shall have the force and effect of the law. The existing mandatory court appearances established by the metropolitan court shall remain in effect until changed by resolution adopted by the board.”

. Sec. 6.02 Jurisdiction and procedure.
“(0) Arrests, complaints, prosecutions, and convictions shall be instituted and processed in the manner provided by the rules of the Court. * * *

“(G) The judges of the Metropolitan Court are hereby empowered to adopt rules of procedure governing the court.

.The temporary injunction recited the following :
“Upon the sworn complaint, it is,
“ORDERED, ADJUDGED AND DECREED that the defendant, DADE COUNTX, a Political Subdivision of Florida, be, and it is hereby enjoined and restrained from enforcing or attempting to enforce, or instructing its officers to enforce, either Ordinance No. 62-6 passed and adopted February 20, 1962, by the Board of County Commissioners of Dade County, Florida, or Resolution No. 7766, adopted July 31, 1962, both concerning mandatory Court appearances for traffic violations in Dade County, Florida, and the latter exempting certain of said traffic violations from mandatory Court appearances.
“The defendant, DADE COUNTX, is further enjoined and restrained from interfering with the Metropolitan Court of Dade County, Florida, in the enforcement of mandatory Court appearances under ordinances of Dade County, effective prior to the adoption or passage of said Ordinance No. 62-6 and said Resolution No. 7766.”

. Rule 16 as adopted by the judges of the Metropolitan Court in its Rules of Prac-tico and Procedure, provides:
“RULE 16 — COURT APPEARANCE.
“(a). Any person charged with any traffic offense other than a parking, standing or non-moving offense shall appear in Court in person to answer such charge, unless otherwise provided.
“(b). Any person charged with a parking, standing or non-moving offense or such moving violation as may be designated from time to time, may mail or deliver to the Violations Bureau ■ the amount of the fine and costs set forth in the schedule for the violation, together with a written plea of guilty and waiver of trial, and shall not be required to appear in court except Court appearance may bo required by the enforcement officer issuing the summons.”